UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KAREEM ABDUL BLOCKER,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**ACPD,** *et al.***,**<br><br>　　　　Defendants. | Case No. 24–cv–05498–ESK–SAK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on *pro se* plaintiff Kareem Abdul Blocker's civil rights complaint and supplemental complaint, collectively referred to as the Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 5.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

　　**I.　FACTS AND PROCEDURAL HISTORY**

　　Plaintiff alleges Officer Alex Torres of the Atlantic City Police Department falsely arrested him on robbery charges. (ECF No. 1 p. 5.) He states it would be impossible for him to rob anyone because he has a broken leg and is blind. (*Id.*) Plaintiff alleges he was never taken to the store to be identified or placed into a police lineup. (*Id.*) He also asserts police searched him without a warrant. (ECF No. 5 p. 4.) Plaintiff asks the court to release him from jail, award him $3.5 million, and fire Officer Torres. (*Id.* p. 7.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.   28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."   *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).   Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III. DISCUSSION

The Complaint is at time hard to read due to plaintiff's handwriting, but I interpret the Complaint to raise claims of false arrest, illegal search, and malicious prosecution.   However, plaintiff has not alleged sufficient facts to state these claims.

"The Fourth Amendment prohibits arrests without probable cause." *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). "To determine whether a law enforcement officer possessed sufficient probable cause to effectuate an arrest, courts analyze the totality of the circumstances." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 436 (D.N.J. 2011). Plaintiff has not provided enough information for me to analyze the totality of the circumstances and to reasonably infer that Officer Torres arrested him without probable cause. He has not provided any information regarding the facts and circumstances of his arrest or the alleged crime other than his conclusory statement that he could not have committed the robbery because he is blind and his left leg was broken. (ECF No. 1 p. 5; ECF No. 5 p. 6.) I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also has not stated a claim for an illegal search. "The Fourth Amendment prohibits unreasonable searches and seizures and provides that a warrant may not be issued without probable cause, but 'the text of the Fourth Amendment does not specify when a search warrant must be obtained.'" *Fernandez v. California*, 571 U.S. 292, 298 (2014) (quoting *Kentucky v. King*, 563 U.S. 452, 459 (2011)). "'The ultimate touchstone of the Fourth

3

Amendment is reasonableness. And certain categories of permissible warrantless searches have long been recognized." *Id.* (cleaned up). For example, "[w]hen a person has been arrested by officers, the officers are entitled to search the person to prevent the destruction or concealment of evidence, as well as to ensure the arrestee has no weapons with which to harm officers or tools with which he may affect his escape." *Moore v. Pennsylvania*, No. 21–cv–02880, 2022 WL 2345739, at *6 (E.D. Pa. June 28, 2022). I will dismiss this claim without prejudice because plaintiff has not provided any information about the search, and I cannot assess its reasonableness or whether an exception to the warrant requirement applies.

Plaintiff also has not stated a claim for malicious prosecution. To state a malicious prosecution claim, plaintiff must plead that (1) defendants initiated a criminal proceeding against him; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing plaintiff to justice. For the final element, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). Plaintiff has not stated any facts indicating that the criminal proceedings against him ended without a conviction; therefore, he has failed to state a malicious prosecution claim.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended

complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.[1]

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                          */s/ Edward S. Kiel*
                                          **EDWARD S. KIEL**
                                          UNITED STATES DISTRICT JUDGE

Dated: September 16, 2024

---

[1] Plaintiff should note that I cannot order his release from custody in a civil rights action. That kind of relief is only available in a habeas corpus action. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) ("[W]here the deprivation of rights is such that it necessarily impacts the fact or length of detention … the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief.")